The Honorable the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention for the court is now sitting. God save the United States and this Honorable Court. You may be seated. Welcome everyone to the Fourth Circuit Court of Appeals today. We have two cases before this panel and and afterwards we have one a third case that the panel will change just a little bit and then Judge Quattlebaum and I'll go forward in the next panel for one case. But we'll begin with Walmart Real Estate Business Trust et al. number 2019-27 against Quarterfield Partners and Mr. Baldwin. It's good to have you with us sir and you may remove that mask. Thank you. Good morning. May it please the court. Rignell Baldwin from Baldwin Serena on behalf of appellants, Quarterfield Partners. There are a number of different appellations in the caption of the case for simplicity's sake I have simply be referring to Quarterfield and Walmart. Very good. This case concerns a commercial lease agreement between two sophisticated parties, Quarterfield and Walmart. Ruling on motions, cross motions for summary judgment, the district court was required to construe a section of the lease agreement between the parties that contemplates the potential sale and purchase of the premises. The contract is governed by Maryland law and under Maryland law courts constrain a contract must first determine if the land is governed by Maryland law. Yes, your honor. Under Maryland law courts constrain a contract must first determine whether the material terms are ambiguous. Ambiguity only exists if a provision is reasonably susceptible to more than one understanding. In making the determination as to whether or not the contract is ambiguous, the trial court looks to the four corners of the document to gain better understanding of the provision that is in dispute. In this case both parties argue that the contract provision is unambiguous. Now the district court was acting through the magistrate judge and granted summary was specific performance and declaratory judgment action. Damages have been left to later. Damages are in count four. Correct. Now how do you get jurisdiction up here? Both parties in the contract itself consented to the district court, consented to Maryland courts for What's your basis for jurisdiction in the federal court as opposed to the Maryland state court? It is a, I believe, a diversity jurisdiction case. There are actually addendums to the contract that deal with other venues, but it's my understanding that both parties consented to this Maryland and now the circuit as the court to dispose of any disputes. But we're a court of limited jurisdiction and you normally in the court of appeals of the United States, you can only come up on a final order, a final decision of the district court and you don't have one here. I misunderstood. I apologize. For appellate jurisdiction. That's what I was talking about. Both parties agreed that the, because of the the specific performance aspect of the of the lower courts decision, the appellants requested leave to do an interlocutory appeal. I believe that appellees consented and the district court so ordered. So we are we are here because the declaratory judgment and the specific performance aspect of it essentially makes it final as to the ownership of the property and damages have been left now. Is there a controlling or what is the The controlling question of law is is essentially whether or not the district court correctly followed the judicial rules for construction of a ambiguous or unambiguous term in the contract. Well that's the ruling of the court in the case. I'm talking about under under the statute that you purport to have 92B, there has to be a controlling question of law as to which there's a significant basis for difference of opinion. Controlling question of law significant basis for difference of opinion. And so the so the law has to be If I understand the question correctly, the dispute between the parties is the correct construction of section 27. And you're applying Maryland law. It's not anything not anything about federal law. It is exclusively Maryland law. Exclusively Maryland law and it's a ruling of the district court on what the this lease is Yes, your honor. The district court reviewed the section, the title of which is is irrelevant but says it refers to an option to purchase or a purchase option. The dispute revolves around what section 27 says about any condition precedent that would ripen the option in order for Walmart to exercise it and the timing of when the option is is exercisable. Section 27 of the lease is clear in that it states unambiguously that the option period which is a one until Porterfield sends notice to Walmart that the option period has begun and two notices are required. The district... Counsel did you on either the commencement issue or the option issue, you understand what I'm describing that way, what I'm those two issues were ambiguous or is that Porterfield's position that both are unambiguous? It is Porterfield's position that both are unambiguous. You didn't alternatively argue that if if our position on how they are should be unambiguously interpreted, you didn't alternatively argue that if we're not right they're ambiguous. So it's all in on unambiguous, not being ambiguous, correct? In our briefing we address what would be the proper method of construction for section 27 should the court find an unresolvable apparent ambiguity. So for example, the phrase option notice is a defined term and it is used in the same way for the seller, the potential seller, as the court becomes clear in simply reading that section that one is the option notice from the purported seller and the other is the option notice from the purported buyer. So our argument is that it is unambiguous, however, we believe that the parole evidence supports the language that is in fact used in the contract and the construction of the contract. So your position is, if I understand it, that the Porterfield had the sole control over whether or not there would be an option. You didn't send the notice, there's no option. No, Your argument is that the option exists, but that it requires something to trigger the option. So the option exists, but so for example, if you don't send the notice, how does the option work? It does not begin until Porterfield sends the second notice and that is giving a party control over a condition precedent, however, it does not render the section a loser. How is that an option? I mean, I don't understand what purpose the option serves if you can control it in that way. It is a very limited option and it is a limited option that came about from multiple revisions by teams of attorneys of this contract between the lessor and lessee. And that is one of the difficulties in reviewing a complex commercial lease, is that one is not often enlightened as to why the parties did what it is that they did. It certainly doesn't make any commercial sense to me, at least, is why, you know, one sophisticated entity like Walmart would agree to that. So, for example, if you decided not to send the notice, all your client has to do is to call up Walmart and say, well, we're not going to send the notice, but if you want to buy, the price is now X plus 10. When the lease negotiations began, Walmart took the position that they preferred to purchase property rather than lease it. They did not want to lease the premises, they wanted to purchase it. Porterfield demurred and the negotiations continued over 18 months. In the end, Walmart was able to record a non-binding, non-applicable short-form memorandum of lease that publicly showed that they had a purchase option on the property. For whatever reason, that was important, apparently, to Walmart, that they always had a purchase involved in their negotiations. But, in fact, much like a contract to lease a certain number of square feet, the landlord will sometimes not want to reduce the square foot, the dollar per square foot figure, so we'll simply say it is X dollars per square foot, we won't budge on that, but you get one month free. So that is, we can, I might have think, mattered, but to the extent that matters, it sounds like you're saying Walmart wanted to be able to tell the world that it, you know, it had an option, but then the actual agreement undid that, for lack of a better word, or at least limited to it the extent that you had absolute control over it. It did, and that is the language that comes after notwithstanding the foregoing. In section 27... It doesn't say that. You interpret it that way. I mean, for example, you know, it could have said, Quarterfield has, you know, in its sole discretion, can decide whether or not to send the notices. Now, it also could have said other things that might have clarified it more the other way, but you know, you're asking us to interpret the language that way. In fairness, it doesn't explicitly say what you say it means, correct? It says explicitly or expressly, notwithstanding the foregoing, the option term shall not commence until the lessor sends the lessee two 30-day notices, and that, to me, from our important exercise is the examination of the language itself without wondering why it is that two sophisticated parties, neither of which have alleged fraud or mistake, would agree to it. It is undisputed, even in this case, that both parties did agree to the language in section 27. So there's no question of law here at all, much less a controlling question of law. The law is not in any way, shape, or form. Let me tell you something. It isn't very often that I write opinions around here that turn out to be published, and it might be precedent along the way, but I had one in a case called Agape, United States versus Agape, 848 Federal Reporter 3rd, and I refer you and your clerks to page 340 and 341, which talks about 1292B of Title 28, which requires that the order being reviewed has to be a controlling question of law, as to which there is immediate appeal from that order must promise to materially advance the ultimate termination of the litigation. But 1292B, we said, and that's precedent, should be used sparingly, and its requirements must be strictly construed. And you don't have a controlling question of law. You don't have a certification from the district court as to what the question is, even. Just that there is a, she said there is a controlling question of law, but you haven't been able to articulate what it is, and it's Maryland law to begin with, not federal law. Your Honor, I see that I'm out of time, but with your permission. No, you can answer. I don't know what you, I've asked a question, but I don't know why somebody didn't find these authorities with respect to 1292B, and I Because they want to have the appeal heard, I guess. But there's a count for about damages in this case, so it's not a final order, and that's not resolved. The count for is still there, but that's your hook for federal jurisdiction. That's why you don't want to take it out. I understand that. Your Honor, if the... But you don't have a final decision, and you don't have one that's properly decertifiable under 1292B. I don't think, looking at the authority, and I've given you the case, I think, and it's a published authority, unless I don't read it right, unless I was dead wrong when I wrote it. Do you not believe that's a lie? From a practical perspective, if the premises, if the order of the court is carried out even exclusive of damages, title shifts from Porterfield over to undo that transaction, and we would be looking at basically balancing monetary damages related also to the exchange of the property. I regret not having the correct answer for your question, apparently. All I can say is that as a it puts both parties much further down the road towards a type of irreparable harm in that Walmart would have attempted to purchase the property, then purchase the property by judicial order. Rent has been paid into escrow since that order, so those funds would then transfer, but I understand the question, and that is the best I can answer it. Very good, sir. Thank you, Mr. Baldwin. You saved some time as well. Mr. Breckinridge, you're here for Walmart and the Sams. Good morning, Your Honor. Yes, may it please the Court, Tom Breckinridge on behalf of Walmart Real Estate Business Trust and Sam's Real Estate Business Trust. I'd like to begin with the first sentence of Porterfield's conclusion to its reply brief. At page 21, they encapsulate their theory of the case. Quote, Section 27 provides appellants with the right to decide if and when the properties will be offered for sale. Now, if we sort of let that sink in and think about it, Porterfield's theory of Section 27 is that it gives them a right that they just inherently already have as a property owner, the right to sell it to which case there's an option to sell. We understand, I think, the back and forth between the parties, both on brief and otherwise, as to how this contract should be construed or contracts, but what's your response to the questions Judge King has put with respect to appellate jurisdiction? I mean, are you all authorized to be here? Well, Your Honor, I do believe we are authorized to be here. Under the text of Section 1292B, there is a controlling question of law that you could get to, that the district court did get to, as to whether or not Porterfield's interpretation is illusory under Maryland law, and while we wouldn't agree that there's ground for substantial difference of opinion, I suspect that appellees tend to agree. Well, there has to be a ground for substantial grounds for difference of opinion. That's in the statute. Well, Your Honor. That's in the statute. It has to be that or you don't have I think you all do actually argue that there's 1291 jurisdiction, final order jurisdiction. No, Your Honor. Also, in the alternative, or is that the other side of their bread? That's the other side. Well, they actually brought it up. They recognized at some point that they may have a flaw with this 1292B, and they threw out 1291, but the count four undermines that, right? Yes, Your Honor, count four undermines 1291. Count four undermines that. They want the damage claim in, so they have to say, look, it's all state law. This thing belongs in JP Court or something. Right, Your Honor. I'm not aware of a requirement that the controlling question of law be a question of federal law, though. Well, the statute is very clear, and I gave you the case, and that, like it or not, that's what the statute says, and we apply it strictly or have private strictly. We say it should be applied strictly. It has to be a case as to which there's a substantial ground for difference of opinion. It will help resolve the case down the road. Yes, Your Honor, and on the point of a substantial ground for difference of opinion. You all can't agree on what the controlling question of law is. It's got to be state law. It's all the law here that applies. This is state law. Yeah, I agree that it's state law, Your Honor, and I agree that... The question is whether the contract is, or the leases are, ambiguous or not. Well, that is partially what we're here regarding, because if you don't get to the ambiguity, which we don't think the court should get to the ambiguity, then... But the alleged ambiguity, and the alleged ambiguity is not on whether there's an option, but on the starting of the option term and when it started, or at least, I shouldn't say that. I apologize. The other side does say that there's a difference of opinion on whether there's an option at all, but as far as the district court was concerned, the district court only ruled that there was an ambiguity on when the option term starts. Tell us, what is the question of law as opposed to interpretation of a contract? The question of law is whether or not the quarter field interpretation of the contract renders the provision illusory. That's the only question of law that I really see, and while we don't agree that there is a substantial ground for a difference of opinion, that doesn't necessarily mean... The court apparently found one in granting the 1292B. When you agreed there was 1292B, you agreed with the with the petition for appeal under 1292B. I believe we didn't oppose it. So you had to agree, then you did not? I believe we You wanted the advisory opinion from the court. Well, Your Honor, I don't think it would be an advisory opinion. It would be an opinion... Well, if we don't have jurisdiction and we give an opinion, it's an advisory opinion. Oh, I agree. We're a court of limited jurisdiction. We have the jurisdiction that Congress gives us. Period. Yes, Your Honor, and I and I agree, and so to the extent that the court found that there was a substantial ground for a difference of opinion in granting the 1292B, we would disagree with that, but we as Walmart and Sam's are not in a position to disagree with the court as to whether or not there's a substantial ground for a difference of opinion. And so we went ahead and briefed and argued the case and showed up for argument on that ground because the district court and this court granted the 1292B and the petition for permission to appeal. Unless there are any further questions or questions on merits, then Walmart and Corderfield will submit. Thank you very much, Mr. Breckenridge. Mr. Baldwin? To the extent that I am more prepared to argue about what we should be doing once we've gotten here rather than whether or not we should be here, I apologize, but... You're not prepared to argue jurisdiction? Appellate jurisdiction? I believe that the issue that this court can resolve, that is, and I do not want to speak for my opponent in stating that there is a dispute that is controlling, but the question that we ask that this court resolve is essentially whether or not it is appropriate for the district court to consider extrinsic evidence or to inject conjecture or strained interpretation into a contract in order to give it the effect that a party now argues it should have rather than the effect of the words in the provision itself construed in the context of the document as a whole. Our position is that extrinsic evidence was not necessary in order to construe the contract because the contract's terms when considered in the context of the parties and what a reasonably prudent person would read the plain and ordinary meaning of those words to be, speaks of a purchase option, then imposes a very high bar for its ripening, and that is that quarter field issue notices, speaks to a time period when the parties have agreed that the option may be deferred from year to year throughout the lease, but it is not illusory in that it most certainly binds both parties to do certain things upon the occurrence of a condition precedent. The district court held that the option notice, which was a right that quarter field held, could be waived by the person who did not in fact have the right to waive that contract provision in that it benefited at minimum one party, but presumably both considering the purpose of the contract as a whole, which was the lease of property. So in the district court's opinion, the resort to extrinsic evidence to try and make sense of something that appeared either irrational or nonsensical is an error in that the language itself is that they did not agree to the words that they agreed to because it doesn't make sense. So the district court, instead of looking to the four corners of the document as we argue that it should have, resorted to an explanatory exercise of why the contract term essentially needed to be changed. Why the notice provision changed from a right that quarter field could exercise to a right that Walmart could exercise. The court held that notwithstanding the plain language of the section, that somehow Walmart had the right to waive quarter field's notice, which commenced the option period. The construction of this lease, capital L defined term, was changed from the effective date of the lease, which is agreed to in an amendment, I believe it's amendment 17 to the contract that fixes dates, changed from that to the rent commencement date. Simply changed periods in order to make the argument that Walmart was entitled to purchase the property at its discretion fit within the words in the contract. And without any additional questions, that is our argument. Thank you very much, Mr. Baldwin. We have a grand tradition in this court that after each argument of we on the bench, the judges leave the bench and come down to the well of the court and greet the lawyers, shake their hands and tell them they've done a good job and we're glad to have them here. And we have suspended that exercise of that tradition because of the pandemic and hope we're gonna get back to it by the time you all are here again. But we're not gonna be able to do that taken under advisement. Thank you very much.
judges: Robert B. King, G. Steven Agee, A. Marvin Quattlebaum Jr.